

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00014-CR
_____

GARY WAYNE BLANKENSHIP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F 15111

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

Gary Wayne Blankenship appeals from the judgment adjudicating his guilt of family violence assault with a previous conviction and his resulting eight-year sentence. Blankenship's notice of appeal was filed February 4, 2022. The clerk's record was filed February 16, 2022, and the reporter's record was filed March 21, 2022, making the appellant's brief originally due April 20, 2022. On April 19, 2022, Oscar William Loyd, appointed counsel for Blankenship, filed what purported to be an *Anders*[1] brief on Blankenship's behalf. By letter dated April 19, 2022, this Court advised Loyd that, although we received the document purporting to be an *Anders* brief, we could not file it as such because it did not comply with *Anders*.

In our letter, we established a final deadline of May 10, 2022, in which to file a proper *Anders* brief and further advised that failure to file a revised brief correcting the deficiencies set out in our letter could result in abatement to the trial court pursuant to Rule 38.8 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8.

Because a compliant brief has not been filed, we abate this case to the trial court for a status hearing pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b)(2). Specifically, the trial court is directed to determine whether Blankenship still desires to prosecute this appeal. Assuming Blankenship still desires to prosecute the appeal, the trial court is directed to determine (1) why Blankenship's appellate brief has not been filed and (2) whether Loyd has abandoned the appeal. The trial court is directed to make appropriate findings and recommendations and have a record of the proceedings prepared. The record must

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

include any findings made by the trial court. Based on that record, this Court will take appropriate action to ensure that Blankenship's rights are protected. The trial court may also address any other matters it deems appropriate. The hearing is to be conducted within fifteen days of the date of this order.

The trial court's findings and recommendations on the issues set forth above shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(3). The reporter's record of the hearing shall also be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of (1) the appellant's brief or (2) the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date:   June 24, 2022